429 P.2d 979

**Phil L. HANSEN, Plaintiff and Appellant,**

v.

**LEGAL SERVICES COMMITTEE OF the UTAH STATE LEGISLATURE, Defendant and Respondent.**

No. 10784.

Supreme Court of Utah.

July 10, 1967.

1. The record does not disclose the who, when, where or why of these depositions.

Ronald N. Boyce, Special Asst. Atty. Gen., Salt Lake City, for appellant.

Verl R. Topham, Charles Welch, Jr., Salt Lake City, Felshaw King, Clearfield, Allen E. Mecham, Salt Lake City, for respondent.

HENRIOD, Justice:

Appeal from a decision saying the Attorney General, an elected state officer, is not necessarily the legal adviser to the state legislature. Reversed.

Our constitution says "The Attorney General *shall be* the legal adviser of the State officers * * *." [1] Also that "State Officers * * * shall be a Governor * * * Members of the Senate and House of Representatives * * *." [2] These two provisions are crystal clear and effectively should dispose of the matter.

■ The legislature in passing an act to appoint a legal adviser for itself,[3] in our opinion is abortive and unconstitutional.

The Legal Services Committee relies on two things: 1) State on Relation of Tattersall v. Yelle [4] and 2) that for years the legislature has hired so-called "reference attorneys."

As to 1): The Yelle case, on examination, seems to have nothing to do with the case here either factually or constitutionally.

As to 2): It is a superficial argument, is not a point on appeal, and hardly could be pointed up to change the basic, clear, unmistakeable phraseology of the constitution. Such argument, at any rate would have to be met when and if it gets to us, under appropriate procedures.

■ The Legal Services Committee urges that an 1898 statute [5] implements the constitutional provisions mentioned hereinabove, by saying the Attorney General might give an opinion, without fee to legislators, with respect *to their offices*. The Committee then, arguendo, asserts that the Attorney General has no constitutional duty or authority to advise the legislature. That statute cannot *change* the constitution although the implementation argument may have merit.

Certain pressures tried to abolish the office of the Attorney General as a member of the Board of Examiners, by constitutional amendment at the election last year.[6] The people turned down that attempt along with seven others, by a thumping 70% vote because apparently they thought our constitution, born by the sweat of its framers in an un-air conditioned building, did a pretty good job which has served the common weal pretty well.

Always there are they who want to change our government for one reason or

1. Art. 7, Sec. 18, Utah Constitution.
2. Art. 24, Sec. 12, Utah Constitution.
3. Second Special Session (1966), Senate Bill No. 4, p. 11, Chap. 7, effective June 8, 1966.
4. 52 Wash.2d 856, 329 P.2d 841 (1958).
5. Revised Statutes 1898, Sec. 2438.
6. General Election, Utah, November 8, 1966.

another. If the legislature, by fiat, could create its own legal adviser, then logic would say it could create 50 or more others for itself, each of which, of course, would have to have secretaries and other personnel. Such legislation could be extended to legal advisers for the Governor, State Auditor, Treasurer, Secretary of State and everyone else, in which event the office of Attorney General effectively could be emasculated and rendered impotent. We believe the framers of the constitution had no such intention in mind under our tri-partite system of government. (Emphasis ours.)

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, J., concur.